**Sabold v. Sabold**

*Lawrence Sager* and *Louis Sager,* for plaintiff.
*Albert B. Wrigley,* for defendant.

RILEY, J., August 28, 1969.—James F. Sabold filed a complaint in divorce in which he included a separate count titled, "cause of action for partition of property held as tenants by the entireties and accounting thereof." In the count, plaintiff averred ownership by entireties of all of a certain property, 511 Broad Street, Spring City, Chester County, that defendant was in sole possession of the property for a period of two years and was then in exclusive possession of the premises and furnishings and asked that the property be partitioned with an accounting thereof. Defendant filed an answer denying sole possession of the property and averring plaintiff withdrew from possession voluntarily and took with him certain entireties personalty for which an accounting was sought. Defendant also filed a rule for bill of particulars in the divorce action.

With this state of the record, plaintiff filed a "petition for partition" in which he set forth averments of sole possession in defendant of the same premises with additional averments of being excluded from the premises and also now includes jointly held personalty. Defendant filed a motion to strike the petition upon the ground that no authority for the

petition exists, and the outstanding rule for bill of particulars as a bar to the filing of the petition until such bill is filed. The latter bill has now been filed of record.

We believe defendant's motion to be well taken. Without being over technical as to procedure, we determine that the issue of partition, having been raised in the complaint, should be so pursued. Indeed, under Pa. R. C. P. 1125 the pleadings are limited to a "complaint" in which the several subjects of relief sought may be averred as provided in Pa. R. C. P. 1127. This, plaintiff did in very general terms. Apparently seeking to add more terms, even though still quite general, he now files a "petition" seeking partition of both real and personal property. Pa. R. C. P. 1127(b) provides that this should be done either by way of amended complaint or a "supplemental" complaint. When such is done, then defendant may file an answer to the averments of the amended or supplemental complaint in the ordinary method of raising the legal or factual issues involved. The "petition" and rule as filed by plaintiff are not included in the rules of divorce procedure. Pa. R. C. P. 1132 then determines how issues of fact shall be resolved which, as relates to custody, paternity and support, may be determined by a master with recommendations to the court. In the case before us, if plaintiff desires to expand his claims for partition, he should file an amended or supplemental complaint to which an answer may be filed, or preliminary objection seeking more specific averments or other relief as allowed within the rules.

Defendant's motion to strike plaintiff's petition for partition is granted and the same is hereby ordered stricken and rule dismissed, with leave, however, to plaintiff to file an amended or supplemental complaint relating to the claim for partition.